**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**HARRY G. JARRELL,**

    **Petitioner,**

**v.**                                                                           **Civil Action No. 5:07cv40**
                                                                                   **(Judge Stamp)**

**WILLIAM S. HAINES, Warden,**

    **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

**A. Petitioners' Federal Habeas Proceedings**

On March 14, 2007, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Petitioner paid the required filing fee on March 19, 2007. On March 29, 2007, the undersigned conducted a preliminary review of the file and determined that the petition appeared to be untimely. Thus, the Respondent was directed to show cause on the limited issued of timeliness of the petition. That same day, the petitioner filed an Amended Petition.

On April 27, 2007, the respondent filed an answer on the timeliness of the petition in which the respondent conceded that the petitioner had timely filed his federal habeas petition. Consequently, on May 2, 2007, the undersigned directed the respondent to file a response on the merits of the petitioner's claims.

On June 1, 2007, the respondent filed an Answer and a Motion for Summary Judgment. The petitioner filed a reply on June 13, 2007.

On October 11, 2007, the petitioner filed a Motion for Stay and Abeyance.

**B. Petitioners' Conviction and Sentence**

On September 10, 2001, the Raleigh County Grand Jury returned an indictment charging the petitioner with being a Felon in Possession of a Firearm, and an information of Former Felony Convictions alleging that the petitioner had twice previously been convicted of felonies and sentenced to the penitentiary. See Respondent's Memorandum (dckt. 14) at 2. The counts were severed for trial on November 6, 2001, and a jury returned a verdict finding the petitioner guilty of being a felon in possession on November 7, 2001. Id.

The State immediately filed an Information of Former Convictions alleging that the petitioner had two previous felony convictions and sentences, based upon his guilty pleas to Unarmed Robbery on June 23, 1982, and to Second Degree Murder on May 31, 1994. Id. A jury trial was conducted on November 8, 2001, to determine whether the petitioner was a recidivist offender. Id. The jury found that the petitioner was the same person who previously had twice been convicted of felonies. Id.

On December 14, 2001, the circuit court sentenced the petitioner to two years in the penitentiary for his conviction for being a felon in possession of a firearm, with the sentence being enhanced to a term of life imprisonment upon his recidivist conviction. Id. On June 7, 2002, the petitioner was resentenced to extend his time for appeal. Id.

**C. Direct Appeal**

The petitioner filed a direct appeal of his conviction and sentence to the West Virginia Supreme Court of Appeals ("WVSCA") on October 29, 2002. On appeal, the petitioner claimed the following grounds for relief:

(1) his recidivist life sentence imposed for the non-violent conviction of felon in possession of a firearm violated his right to be free from cruel and unusual punishment because it is disproportionate to the character and degree of the offense; and

(2) the trial court committed reversible error by allowing introduction of evidence concerning the stipulate to prior conviction status element of felon in possession of a firearm and by instructing the jury regarding that status element.

The petitioner's appeal was refused by the WVSCA on March 27, 2003.

**D.    Petitioners' First State Habeas Petition**

On June 5, 2003, the petitioner filed a *pro se* petition for writ of habeas corpus in the Circuit Court of Hampshire County. In the petitioner's first state habeas petition, he raised the following grounds for relief:

(1) conflict of interest from Judge sitting on bench and Chief Judge who was his previous lawyer and prosecutorial misconduct;

(2) violation of husband and wife confidentiality;

(3) double jeopardy being sentenced under two guidelines at once on same sentence; and

(4) inappropriate indictment on Counts 1 and 2 and retroactive application of ex post fact clause.

The petitioner's state habeas petition was later transferred to the circuit court of Raleigh County where it was granted in part and denied in part on July 30, 2003.[1]

**E.    Petitioners' Second State Habeas Petition**

On October 8, 2003, the petitioner filed a second pro se petition for writ of habeas corpus in the circuit court of Raleigh County. In the petitioner's second state habeas petition, he raised the following grounds for relief:

(1) former conviction was not finalized by entry of judgment of sentence by the time of the

---

[1] The circuit court struck the two-year sentence for the possession of a firearm conviction from the remaining life sentence, but denied all other habeas corpus relief. (Resp't Ex. 7)

recidivist proceeding so could not be used to enhance current offense;

(2) single act that violates both a state and federal law may not be both the offense of conviction and another felony offense under USSG A2K2.1(B)5;

(3) the court erred by letting the jury hear the category of name and/or nature of offense; and

(4) the judge improperly described the previous convictions.

The petitioner's second state habeas petition was denied by the circuit court on December 22, 2003.

## F. Petitioners' Third State Habeas Corpus

On October 1, 2004, the petitioner filed a third *pro se* habeas corpus petition in the circuit court of Raleigh County. In his third state habeas petition, the petitioner raised the following grounds for relief:

(1) the denial of a full and fair collateral habeas corpus hearing has denied the petitioner due process and the right to develop a record of his contentions;

(2) petitioner is entitled to a full and fair habeas corpus hearing with the assistance of counsel to develop collateral issues in habeas corpus;

(3) the WVSCA's refusal of petitioners' direct appeal was not a decision on the merits precluding future consideration of the same issues in a habeas corpus proceeding; and

(4) the petitioner has the right to a habeas corpus hearing so that he may properly exhaust his State remedies and give the State Court a full and fair opportunity to apply controlling legal principles to both State and Federal grounds raised in the contentions.[2]

---

[2] The underlying claims which the petitioner wished the court to address were as follows:
(1) the jury verdict was tainted by improper considerations and the introduction of a stipulated to prior conviction status evidence rendered the trial fundamentally unfair;
(2) the petitioner's conviction for recidivist and resulting life sentence violates his constitutional right to be free from cruel and unusual punishment and is disproportionate to the character and degree of the offense;
(3) the petitioner's conviction as a recidivist is an improper basis for the imposition of an additional sentence under the West Virginia habitual criminal statute because petitioner had not felt the full impact of his previous recidivist sentence;
(4) the petitioner's conviction as a recidivist is unlawful because it was imposed as an additional

4

On February 28, 2006, the circuit court denied the petition on all but one ground and appointed counsel to further develop that argument. Through appointed counsel, the petitioner filed an amended petition on July 11, 2005. By Order entered November 8, 2005, the circuit court found that the statute in question was not unconstitutionally vague and denied petitioner habeas relief. On June 1, 2006, the circuit court reaffirmed its ruling and appointed counsel to pursue an appeal on petitioners' behalf.

On December 11, 2006, the petitioner appealed the denial of his third state habeas petition. On appeal, the petitioner asserted the following grounds for relief:

(1) the circuit court erred by denying the petitioner habeas relief because W.Va. Code § 61-7-7 is unconstitutionally vague as it does not provide how a convicted felon may lawfully divest oneself of a weapon;

(2) the circuit court erred in denying the petitioner habeas relief by summarily denying the his claim that the jury verdict was tainted by the introduction of stipulated to prior conviction as a status element of the underlying crime;

(3) the circuit court erred by denying the petitioner habeas corpus relief by summarily

---

consecutive sentence to the underlying conviction;
(5) the failure of the court to enter a formal order of conviction for felon in possession of a firearm prior to the imposition of the recidivist proceedings violates the West Virginia habitual criminal statute and due process;
(6) the failure of the court to vacate the consecutive sentence of felon in possession of a firearm within the same term of court renders the recidivist life sentence void under the habitual criminal statute;
(7) West Virginia's statute on felon in possession of a firearm is void for vagueness because it does not set out any procedure for a person to divest him/herself of a weapon;
(8) the petitioner's right to a fair trial and impartial tribunal was violated when the trial judge admitted on the record to having discussion with petitioner's former attorney and Judge, H.L. Kirkpatrick, regarding potential time limits on relinquishing of a firearm;
(9) the petitioner's counsel was ineffective when he failed to request the court to bifurcate the proceedings after he learned the court would be permitting the jury to received evidence of prior bad conduct and stipulated-to prior conviction status evidence;
(10) the form of the indictment was prejudicial to the petitioner's right to a fair trial because, even in its redacted form, it indicated that petitioner had been charged with additional offenses; and
(11) the state of West Virginia failed to adduce sufficient evidence to prove petitioner's identity as a habitual criminal.

denying his claim that his life sentence as a recidivist offender violates his constitutional right to be free from cruel and unusual punishment and is disproportionate to the character and degree of the triggering offense; and

(4) the circuit court erred in denying the petitioner habeas corpus relief by denying his claim that his life sentence as a recidivist offender is illegal for the failure to conform with the statutory requirements of W.Va. Code §§ 61-11-18 and 61-11-19.

The petitioner's appeal was refused by the WVSCA on February 28, 2007.

## G. Petitioners' Federal Habeas Claims

The petitioner filed the instant case on March 14, 2007. In the petition, the petitioner raises the following grounds for relief:

(1) the circuit court erred by denying the petitioner habeas relief because W.Va. Code § 61-7-7 is unconstitutionally vague as it does not provide how a convicted felon may lawfully divest oneself of a weapon;

(2) the circuit court erred in denying the petitioner habeas relief by summarily denying the his claim that the jury verdict was tainted by the introduction of stipulated to prior conviction as a status element of the underlying crime;

(3) the circuit court erred by denying the petitioner habeas corpus relief by summarily denying his claim that his life sentence as a recidivist offender violates his constitutional right to be free from cruel and unusual punishment and is disproportionate to the character and degree of the triggering offense; and

(4) the circuit court erred in denying the petitioner habeas corpus relief by denying his claim that his life sentence as a recidivist offender is illegal for the failure to conform with the statutory requirements of W.Va. Code §§ 61-11-18 and 61-11-19.

## H. Petitioners' Amended Petition

Although titled an amended petition, the "amended petition" does not add or delete any claims. Instead, the petitioner merely provides corrected or additional information in support of the arguments on page seven of his original petition related to his claim that the statute of conviction was unconstitutionally vague. Thus, the Court will consider those arguments as they relate to that claim.

6

## I. The Respondent's Answer and Motion for Summary Judgment

In the answer, the respondent generally denies that any violation of the petitioner's rights occurred. In addition, in his motion for summary judgment, the respondent asserts that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. In support of his motion, the respondent asserts that the petitioner's claims are not cognizable on federal habeas corpus, that the petitioner has failed to state a claim upon which relief can be granted, and that the petitioner has failed to demonstrate that he is entitled to relief on any of his claims.

## II. Petitioner's Motion for Stay and Abeyance

In his motion for stay and abeyance, the petitioner requests the Court hold the instant petition in abeyance and stay further proceedings in this case while he returns to state court to exhaust additional claims of ineffective assistance of counsel. Specifically, the petitioner wishes to raise the following additional claims in the courts of the State:

(1) ineffective assistance of counsel, Warren Thornhill, II;

(2) ineffective assistance of trial counsel, Joseph A. Noggy and Gail Michelson;

(3) the cumulative effect of trial counsel, Joseph A. Noggy and Gail Michelson's performance denied the petitioner a fair trial;

(4) ineffective assistance of appellant counsel, Colleen Anne Ford; and

(5) ineffective assistance of post conviction counsel, Jason R. Grubb.

In Rose v. Lundy, 455 U.S. (1982), the United States Supreme Court held that a federal district court may not adjudicate mixed petitions[3] and imposed a requirement of total exhaustion, implemented by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to litigate the unexhausted claims. At the time the Supreme Court issued that decision,

---

[3] A "mixed petition" is one that contains exhausted and unexhausted claims.

the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") had not been enacted, and there was no statute of limitations on federal habeas corpus petitions.[4] Therefore, dismissal without prejudice did not preclude a petitioner from returning to federal court once his claims were exhausted in state court proceedings.

However, "[a]s the result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions, run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines v. Weber, 544 U.S. 269, 275 (2005). Accordingly, the Supreme Court has held that a federal district court may, under some circumstances, stay, rather than dismiss without prejudice, a federal habeas petition containing both exhausted and unexhausted claims. Nonetheless, a stay and abeyance procedure, "if employed too frequently, has the potential to undermine [the] twin purposes" of the AEDPA.[5] Rhines, 544 U.S. at 277. Therefore, stay and abeyance procedures are only available in limited circumstances.[6] Id.

The procedure recognized by the court in Rhines allows the district court the option of staying a federal habeas petition and holding in abeyance to allow a petitioner to return to state court to exhaust his previously unexhausted claims. Once total exhaustion has been achieved, the stay is lifted and the petitioner may proceed in federal court. However, this procedure is only appropriate

---

[4] Pursuant to AEDPA, a one-year limitation period within which to file a federal habeas corpus motion was established.

[5] The twin purposes of AEPDA are to reduce delays in the execution of state and federal criminal sentences and to encourage petitioners to seek relief in state court in the first instance.

[6] Those circumstances include instances in which the petitioner has shown good cause for his failure to exhaust, that his unexhausted claims are potentially meritorious, and where there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

8

where an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court. Thus, if a petitioner seeks a stay in order to exhaust claims pleaded in the original petition, then, he is required to allege facts showing (1) that "good cause" exists for his failure to exhaust the unexhausted claims; and (2) that the unexhausted claims are "potentially meritorious" on federal habeas corpus review. Rhines, 544 U.S. at 27-78. On the other hand, if the petitioner is attempting to exhaust claims not pleaded in the original petition, he must also demonstrate that any new claims are timely under 28 U.S.C. § 2244(d)(1) because they relate back to the claims pleaded in the original petition pursuant to Rule 15 of the Federal Rules of Civil Procedure.[7]

Here, the Court finds no grounds for the application of a stay and abeyance procedure. First, the petition is not a "mixed petition." The claims raised in the instant petition are all exhausted. The petitioner has never amended his petition to include his new claims of ineffective assistance of counsel and Rhines is therefore, inapplicable. Second, the petitioner cannot show good cause for the failure to exhaust his claims in state court. The petitioner filed no less than three separate state habeas petitions. Petitioners' ineffective assistance of counsel claims were known to the petitioner, or should have been known, at the time those cases were filed. Thus, those claims should have been

---

[7] Pursuant to Rule 15, a pleading may not be amended after the expiration of the statute of limitations unless the amendment relates back to the date of the original pleading. See Fed.R.Civ.P. 15(a). Amendments "relate back" to the original pleading if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). In Mayle v. Felix, 545 U.S. 644, 656-57 (2005), the Supreme Court examined the operation of the rule's "relation back" requirements in the context of habeas corpus petitions. There, the Court rejected the claim that a petitioner's "trial, conviction, or sentence" constitutes the "conduct, transaction, or occurrence" contemplated by Rule 15. Otherwise, the Court reasoned, all amendments would relate back because "virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto. Id. at 657 (citation omitted). Therefore, the Court held instead that, . The Court held instead that, relation back depends on the existence of a "common core of operative facts" uniting the original and newly asserted claims. Id. at 664.

9

raised in one of the petitioner's three state habeas petitions.[8]

Third, even if the petitioner could establish good cause for not raising his ineffective assistance of counsel claims in one of his prior petitions, the petitioner would still have to show that his new claims are timely under 28 U.S.C. § 2244(d)(1) because they relate back to the claims pleaded in the original petition pursuant to Rule 15 of the Federal Rules of Civil Procedure. As previously established, the petitioner filed this case on the 365th day of the one year limitations period. See Dckt. 10 at 1-2. Because the time in which a federal habeas petition is pending does not toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2), see Duncan v. Walker, 533 U.S. 167 (2001), the petitioner's one-year federal time limit expired the day after the petition was filed. Thus, the petitioner can only raise his additional claims if he can amend his petition. In order to do so, the petitioner must show that his claims relate back to the original claims raised in the petition.

The grounds raised in the instant petition are as follows:

> (1) the circuit court erred by denying the petitioner habeas relief because W.Va. Code § 61-7-7 is unconstitutionally vague as it does not provide how a convicted felon may lawfully divest oneself of a weapon;

> (2) the circuit court erred in denying the petitioner habeas relief by summarily denying the his claim that the jury verdict was tainted by the introduction of stipulated to prior conviction as a status element of the underlying crime;

> (3) the circuit court erred by denying the petitioner habeas corpus relief by summarily denying his claim that his life sentence as a recidivist offender violates his constitutional right to be free from cruel and unusual punishment and is disproportionate to the character and degree of the triggering offense; and

---

[8] To the extent that the petitioner's ineffective assistance of counsel claims include a claim that counsel on his third state habeas petition was ineffective, that claim is not cognizable on federal habeas review and petitioner would not be permitted to proceed on that claim even if there was good cause for his failure to previously raise that issue in state court. See Pennsylvania v. Finley, 481 U.S. 551 (1987) (there is no Constitutional right to have appointed counsel in post conviction proceedings)

(4) the circuit court erred in denying the petitioner habeas corpus relief by denying his claim that his life sentence as a recidivist offender is illegal for the failure to conform with the statutory requirements of W.Va. Code §§ 61-11-18 and 61-11-19.

In each of his original claims, the petitioner asserts error on the part of the circuit court. Specifically, the petitioner asserts that the court erred in its legal rulings. An error on the part of the circuit court in its legal rulings is unrelated to whether or not counsel was ineffective. Thus, the petitioner's claims of ineffective assistance of counsel do not relate back to the common core of operative facts as presented in the original petition. Accordingly, leave to amend would be futile and the petitioner's Motion for Stay and Abeyance should be denied.

Finding that a stay and abeyance is not appropriate, the undersigned will proceed to an analysis of the merits of the petitioner's exhausted claims.

### III. Standards of Review

**A. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977). So too has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla

of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir 1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather then encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-588 (1986).

**B.  Federal Habeas Review Under 28 U.S.C. § 2254**

Notwithstanding the standards which govern the granting of a motion for summary judgment, the provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper. Title 28 U.S.C. § 2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Regardless, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). However, the federal court may not grant habeas relief unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States;

> or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 529 U.S. 362 (2000).

The Fourth Circuit Court of Appeals has determined that "the phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999). When a state court summarily rejects a claim and does not set forth its reasoning, the federal court independently reviews the record and clearly established Supreme Court law. Bell v. Jarvis, 236 F.3d 149 (4th Cir.), cert. denied, 524 U.S. 830 (2001)(quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)). However, the court must still "confine [it's] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158.

A federal habeas court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently that this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. "An unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

When a petitioner challenges the factual determination made by a state court, "federal habeas

13

relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.'" 28 U.S. C. § 2254(d)(2). In reviewing a state court's ruling on post-conviction relief, "we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

However, habeas corpus relief is not warranted unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Richmond v. Polk, 375 F.3d 309 (4th Cir. 2004). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, supra.

Here, the petitioner's claims were properly presented to the courts of the State. Because the petitioner's claims were adjudicated on the merits in State court, the State's findings of fact and conclusions of law are due the appropriate deference.

## IV. Analysis

### A. Ground One

In ground one, the petitioner asserts that the circuit court erred by denying the petitioner habeas relief because W.Va. Code § 61-7-7 is unconstitutionally vague as it does not provide how a convicted felon may lawfully divest oneself of a weapon. West Virginia Code § 61-7-7(b) states:

> Notwithstanding the provisions of subsection (a) of this section, any person:

14

> (1) Who has been convicted in this state or any other jurisdiction of a felony crime of violence against the person of another or of a felony sexual assault; or
>
> (2) Who has been convicted in this state or any other jurisdiction of a felony controlled substance offense involving a Schedule I controlled substance other than marijuana, a Schedule II or a Schedule III controlled substance as such are defined in sections two hundred four, two hundred five and two hundred six, article two, chapter sixty-a of this code and who possesses a firearm as such is defined in section two of this article shall be guilty of a felony and, upon conviction thereof, shall be confined in a state correctional facility for not more than five years or fined not more than five thousand dollars, or both. The provisions of subsection (c) of this section shall not apply to persons convicted of offenses referred to in this subsection or to persons convicted of a violation of this subsection.

After a hearing on this issue, the state court found that "W.Va. Code § 61-7-7 is not unconstitutionally vague, for reasons set forth more fully on the record, including that the statute is such that an average person is able to understand such statute and to confirm (sic) his or her conduct to its requirements." Resp't Ex. 13. at 1.

Under the Due Process Clause of the Fourteenth Amendment, vagueness may render a statute unconstitutional in two ways. City of Chicago v. Morales, 527 U.S. 41, 56 (1999). "First, it may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; second, it may authorize and even encourage arbitrary and discriminatory enforcement." Id. (citing Kolender v. Lawson, 461 U.S. 352, 357 (1983)). "Condemned to the use of words, we can never expect mathematical certainty from our language." Grayned v. City of Rockford, 408 U.S. 104, 110 (1972). The words of a statute may be marked by "flexibility and reasonable breadth, rather than meticulous specificity," so long as "it is clear what the [statute] prohibits as a whole." Id. (citation omitted).

Upon an independent review of the record, the undersigned finds that the state court's adjudication of the ground one was not contrary to clearly established federal law. The state court found that although the statute does not expressly outline the manner in which a convicted felon may divest himself of weapons, the statute is such that it is clear to the average person, what conduct it prohibits. Additionally, in light of the evidence presented in the state court proceedings, the undersigned does not believe that the state court's adjudication of the petitioner's claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. West Virginia code § 61-7-7 clearly prohibits a convicted felon of possessing a firearm, whether that firearm was obtained prior to the predicate offense or not. Moreover, common sense dictates that there are ways for a convicted felon to divest himself of a weapon without running afoul of the statute. The petitioner could simply have relinquished all rights to the weapon or allowed someone else to sell the weapon. The convicted felon carrying the weapon into a pawn shop and selling it himself, was clearly prohibited conduct. Accordingly, ground one should be denied.

**B.   Ground Two**

In ground two, the petitioner argues that the circuit court erred in denying the petitioner habeas relief by summarily denying his claim that the jury verdict was tainted by the introduction of stipulated to prior conviction as a status element of the underlying crime. More specifically, the petitioner asserts that his conviction was tainted by the prosecution introducing into evidence, his prior convictions to which he stipulated.

Evidentiary rulings in state court are generally not cognizable on federal habeas review. See

Howard v. Moore, 131 F.3d 399, 415 n. 18 (4th Cir. 1997) (en banc) (state evidentiary rulings are not cognizable in federal habeas unless shown to violate fundamental fairness). Such claims are cognizable on federal habeas review only to the extent that they violate specific constitutional provisions or are so egregious as to render the entire trial fundamentally unfair. See Estelle v. MaGuire, 502 U.S. 62, 67-68 (1991). Because the petitioner has failed to show how the admission of his stipulated to prior convictions rendered his trial fundamentally unfair, ground two should be denied.

**C.    Ground Three**

In ground three, the petitioner argues that the circuit court erred by denying him habeas corpus relief by summarily denying his claim that his life sentence as a recidivist offender violates his constitutional right to be free from cruel and unusual punishment and is disproportionate to the character and degree of the triggering offense. On this issue, the state habeas court found:

> Mr. Jarrell is correct that the analysis begins with the substantive crime that led to the filing of the Information, however, consideration is also given to the underlying convictions. The primary analysis is whether any of the offenses that Mr. Jarrell has been convicted of involve actual or threatened violence to the person. Previously, Mr. Jarrell entered a guilty plea to the charge of Second Degree Murder and was also found guilty of Robbery. There is no dispute that these are violent crimes and overcome Mr. Jarrell's argument that he was unjustly sentenced.

Resp't Ex. 11 at 9.

In a case very similar to the petitioner's, the Supreme Court upheld an Eighth Amendment challenge to a recidivist life sentence. In Rummel v. Estelle, 445 U.S. 263, 283 (1980), the petitioner, a Texas inmate, was given a recidivist life sentence after his third felony offense, even though his third felony offense was not violent and consisted of obtaining only $120.75 by false

17

pretenses. In that case, the Court held:

> given Rummel's record, Texas was not required to treat him in the same manner as it might treat him were this his first 'petty property offense.' Having twice imprisoned him for felonies, Texas was entitled to place upon Rummel the onus of one who is simply unable to bring his conduct within the social norms prescribed by the criminal law of the State.
> The purpose of a recidivist statute such as that involved here is not to simplify the task of prosecutors, judges, or juries. Its primary goals are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. This segregation and its duration are based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentence for other crimes. Like the line dividing felony theft from petty larceny, the point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that the recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction.
> We therefore hold that the mandatory life sentence imposed upon this petitioner does not constitute cruel and unusual punishment under the Eighth and Fourteenth Amendments.

Id. at 284-85.

Upon an independent review of the record, the undersigned finds that the state court's adjudication of ground three was not contrary to clearly established federal law. Additionally, in light of the evidence presented in the state court proceedings, the undersigned does not believe that the state court's adjudication of the petitioner's claims involved an unreasonable application of clearly established federal law, nor do the state court's findings result in a decision that is based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Like the petitioner in Rummel, the West Virginia Court looked not just to the petitioner's third felony offense, but the underlying predicate offenses when determining whether

18

to impose a recidivist life sentence. The petitioner's prior felony convictions were second degree murder and robbery, clearly violent crimes. Under Rummel, the state court's review of the petitioner's prior felony convictions was appropriate in determining whether to impose a recidivist life sentence and the sentence imposed upon the petitioner does not constitute cruel and unusual punishment under the Eighth and Fourteenth Amendments. Accordingly, ground three should be denied.

**D.  Ground Four**

In ground four, the petitioner argues that the circuit court erred in denying him habeas corpus relief by denying his claim that his life sentence as a recidivist offender is illegal for the failure to conform with the statutory requirements of W.Va. Code §§ 61-11-18 and 61-11-19. However, the issue of whether the state court followed its own statutory procedures is a question of state law which is not cognizable on federal habeas review. See 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States")(emphasis added); Estelle v. McGuire, 502 U.S. at 67-68 (it is not the province of a federal habeas court to "reexamine state-court determinations on state-law questions"); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999) (questions of state laws and statutes are not cognizable on federal habeas review). Accordingly, ground four should be denied.

**V.  Recommendation**

For the reasons set forth in this Opinion, it is recommended that the petitioner's Motion for Stay and Abeyance (dckt. 17) be **DENIED**, the respondent's Motion for Summary Judgment (dckt. 13) be **GRANTED**, and the petitioner's § 2254 petition be **DENIED** and **DISMISSED WITH**

19

**PREJUDICE**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to all counsel of record via electronic means.

DATED: January 11, 2008.

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE