IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HARRY G. JARRELL,

    Petitioner,

v.                            Civil Action No. 5:07CV40
                                   (STAMP)
WILLIAM S. HAINES, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se petitioner, Harry G. Jarrell, an inmate at Huttonsville Correctional Center in Huttonsville, West Virginia, was convicted in the Circuit Court of Raleigh County, West Virginia in November 2001 of being a felon in possession of a firearm and of being a recidivist offender. The petitioner was sentenced to two-years imprisonment for the felon in possession conviction, with the sentence enhanced to a term of life imprisonment upon his recidivist conviction. The petitioner filed a direct appeal, but his appeal was refused by the West Virginia Supreme Court of Appeals. Thereafter, the petitioner filed three successive petitions for writ of habeas corpus in state court. His first petition was granted in part and denied in part, his second petition was denied, and his third petition was denied as to all but one ground (the constitutionality of West Virginia Code § 61-7-7). The circuit court appointed counsel to develop the

remaining ground, counsel filed an amended petition, and following consideration of the amended petition, the circuit court found that the statute in question is not unconstitutionally vague and denied habeas relief. The petitioner's appeal of the denial of his third state habeas petition was refused.

On March 14, 2007, the petitioner filed the instant petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. The matter was referred to United States Magistrate Judge John S. Kaull for an initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.13. The respondent conceded the timeliness of the instant petition and filed an answer and a motion for summary judgment on the merits. The petitioner responded in opposition to both. The petitioner also filed a motion for stay and abeyance in which he requests that his § 2254 petition be stayed to permit him to exhaust certain claims before the state court. On January 11, 2008, Magistrate Judge Kaull issued a report and recommendation recommending that the respondent's motion for summary judgment be granted and the petitioner's § 2254 petition be denied. The petitioner filed objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those

2

portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because objections have been filed in this case, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### III. Discussion

A. Motion for Stay and Abeyance

The magistrate judge recommends that the petitioner's motion for stay and abeyance be denied. The petitioner does not object to the substance of the magistrate judge's recommendation on this motion. Rather, in his objections to the report and recommendation, the petitioner simply reiterates his request that the motion be granted. Following a de novo review, this Court agrees that a stay and abeyance is not appropriate in this case.

B. Ground One: Constitutionality of West Virginia Code § 61-7-7

In ground one of his § 2254 petition, the petitioner contends that when it denied his third state habeas petition, the circuit court erred in concluding that West Virginia Code § 61-7-7[1] is not

---

[1] Petitioner was convicted of violating West Virginia Code § 61-7-7(b)(1). That section provides:

> (b) Notwithstanding the provisions of subsection (a) of this section, any person:

3

unconstitutionally vague. The petitioner argues that the statute, pursuant to which he was convicted for being a felon in possession of a firearm, is unconstitutionally vague because it does not provide how a convicted felon may lawfully divest himself or herself of a weapon. Magistrate Judge Kaull found that Jarrell failed to demonstrate that the state court arrived at a conclusion that is contrary to or an unreasonable application of federal law, or that the state court unreasonably determined the facts when analyzing his claims. This Court agrees.

The petitioner objects that West Virginia Code § 61-7-7 is unconstitutionally vague because it does not provide for an "innocent possession defense." In support of his objections, the

---

(1) Who has been convicted in this state or any other jurisdiction of a felony crime of violence against the person of another or of a felony sexual offense; or

(2) Who has been convicted in this state or any other jurisdiction of a felony controlled substance offense involving a Schedule I controlled substance other than marijuana, a Schedule II or a Schedule III controlled substance as such are defined in sections two hundred four, two hundred five and two hundred six, article two, chapter sixty-a of this code and who possesses a firearm as such is defined in section two of this article shall be guilty of a felony and, upon conviction thereof, shall be confined in a state correctional facility for not more than five years or fined not more than five thousand dollars, or both. The provisions of subsection (c) of this section shall not apply to persons convicted of offenses referred to in this subsection or to persons convicted of a violation of this subsection.

W. Va. Code § 61-7-7(b)(1).

4

petitioner states that he relies principally on Kolender v. Lawson, 461 U.S. 352 (1983).

The petitioner's objections are without merit. In Kolender, the United States Supreme Court stated that a statute is not unconstitutionally vague provided that the statute "define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." 461 U.S. at 357. Contrary to the petitioner's assertions otherwise, the circuit court's adjudication of the constitutionality of West Virginia Code § 61-7-7 conforms with the void-for-vagueness doctrine outlined in Kolender. The circuit court below concluded that West Virginia Code § 61-7-7 is not unconstitutionally vague because an average person is able to understand the statute and to conform his or her conduct to its requirements. This finding is not contrary to clearly established federal law and does not constitute an unreasonable application of such law.

Additionally, the circuit court, at a hearing on the petitioner's challenge to the constitutionality of West Virginia Code § 61-7-7, considered and rejected the petitioner's innocent possession defense. The court stated that possession, by definition, requires some intent to maintain dominion and control over a forbidden item. Thus, West Virginia Code § 61-7-7, which prohibits possession of a firearm by a felon, inherently includes

5

an innocent possession defense. The court further concluded that such defense is not available to Jarrell because sufficient evidence exists to support the jury's finding that he had actual or constructive possession over the firearm at issue. This Court concurs in the conclusion of the magistrate judge that the state court properly adjudicated ground one of the instant petition. Indeed, as noted by the magistrate judge, common sense dictates that there are ways for a convicted felon to divest himself of a weapon without running afoul of the statute, including immediately relinquishing the weapon to the police or to a non-felon.

C. <u>Ground Two: Stipulation of Prior Convictions</u>

In ground two of the instant petition, the petitioner argues that the circuit court erred in denying him habeas relief by summarily denying his claim that the jury verdict was tainted by the introduction of a stipulation as to the existence of his prior convictions. Magistrate Judge Kaull recommends that this ground be denied because the petitioner has failed to show that the admission of any such stipulation rendered his trial fundamentally unfair.

The petitioner asserts the following objections to the magistrate judge's recommendation: that the stipulated-to prior conviction status evidence impugned upon the fundamental fairness of his trial, that the evidence violated his rights to due process, and that the evidence was unfairly prejudicial and irrelevant to the crime charged. These objections are without merit.

Evidentiary rulings in state court are cognizable on federal habeas review only to the extent that they violate specific constitutional provisions or are so egregious as to render the trial fundamentally unfair. See Howard v. Moore, 131 F.3d 399, 415 n.18 (4th Cir. 1997)(citations omitted). The petitioner has made only conclusory objections to the introduction of stipulated-to evidence and has wholly failed to demonstrate that the introduction of any such evidence violated his constitutional rights. Accordingly, ground two of the instant petition must be denied.

D. Ground Three: Cruel and Unusual Punishment

In ground three, the petitioner contends that his life sentence for being a recidivist offender under West Virginia Code § 61-11-18 constitutes a violation of the Eighth Amendment's prohibition on cruel and unusual punishment. Magistrate Judge Kaull recommends that the petitioner's request for relief on this ground be denied because his life sentence does not violate the Eighth Amendment. This Court agrees.

The petitioner objects that his life sentence is disproportionate to the character and degree of the triggering offense. The petitioner emphasizes the non-violent nature of his conviction for being a felon in possession of a firearm, which triggered the recidivist conviction. This objection is without merit. The circuit court concluded that petitioner's argument regarding disproportionality is overcome by the fact that two of

7

his predicate convictions are violent felonies (robbery and second degree murder). This conclusion is not contrary to clearly established federal law and does not constitute an unreasonable application of such law.

First, it is the province of state legislatures, not of the courts, to create sentencing policy. See Ewing v. California, 538 U.S. 11, 24 (2003) ("our tradition of deferring to state legislatures in making and implementing such important policy decisions is longstanding"). Nonetheless, a court may overturn a sentence that is so grossly disproportionate that it violates the Eighth Amendment. In Rummel v. Estelle, 445 U.S. 263 (1980), the Supreme Court upheld an Eighth Amendment challenge to a recidivist life sentence after considering all of the petitioner's predicate offenses. The petitioner's predicate offenses in this case are significantly more violent than the predicate offenses (false pretenses, fraudulent use of a credit card, and passing a forged check) that the Supreme Court found sufficient to sustain an Eight Amendment challenge to the petitioner's life sentence in Rummel. Accordingly, the petitioner's sentence is not grossly disproportionate and therefore does not violate the Eighth Amendment's prohibition on cruel and unusual punishments. The petitioner's request for relief must be denied as to ground three.

E.   Ground Four: State Statutory Requirements

In ground four, the petitioner argues that the circuit court erred by denying his claim that his life sentence as a recidivist offender is illegal for failure to conform with the statutory requirements of West Virginia Code §§ 61-11-18 and 61-11-19. Magistrate Judge Kaull recommends that this ground be denied because it is not cognizable on federal habeas review. Again, this Court agrees.

In his objections, the petitioner advances arguments as to the merits of his claim that West Virginia Code §§ 61-11-18 and 61-11-19 have been violated. The petitioner also raises a new argument—that the imposition of the recidivist sentence violated double jeopardy. The petitioner's objections are without merit.

First, as to petitioner's claims regarding the application of the statutory provisions, such claims are not cognizable on federal habeas review because they deal with the interpretation of state statutes. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Second, the Double Jeopardy Clause, which ensures "total punishment [does] not exceed that authorized by the legislature," United States v. Bowe, 309 F.3d 234, 238 (4th Cir. 2002), is inapplicable in this case. West Virginia Code § 61-11-18 provides that where a defendant has been convicted of two prior felonies, a life sentence shall be imposed

upon a third such offense.  In applying the recidivist life penalty, a trial court does not impose a separate sentence for the last felony conviction, but upon the jury's conviction in the recidivist proceeding it imposes the life sentence on the last conviction.  Upon Jarrell's first petition for habeas relief, the state court struck the two-year sentence that was imposed, in addition to the life sentence, upon his conviction for being a felon in possession of a firearm.  Accordingly, double jeopardy is not implicated because, pursuant to West Virginia Code § 61-11-18, the state is permitted to seek a life sentence upon a third felony conviction, and the petitioner is not serving a sentence greater than authorized by the statute.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation.  The respondent's motion for summary judgment is GRANTED.  The petitioner's motion for stay and abeyance is DENIED. It is ORDERED the petitioner's § 2254 petition be DENIED and DISMISSED WITH PREJUDICE.  It is further ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

In his objections to the report and recommendation, the petitioner requests that, in the event of an adverse decision, this Court should issue a certificate of appealability. The petitioner's request is DENIED as premature. Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 26, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE